[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REOPEN #(161)
CT Page 2824
The plaintiff has moved to reopen, reargue, and reconsider the alimony order and the distribution of assets. An evidentiary hearing was held on March 7, 1995 at which time Terri Kaiser, employed by the Torrington Co. as a benefit consultant, was called to testify by the plaintiff. She explained that defendant's Exhibit EE listing a "Retirement Account" of $18,028.53 was a defined contribution plan account that was funded 100% by the plaintiff's employer. The court awarded this account to the defendant. The court declines to change the order.
The plaintiff is receiving $2,797.20 monthly from his defined benefit plan of the Torrington Co., or $650.00 weekly. He is supplementing that by withdrawing $462.00 from his IRA funds. The plaintiff argues that such IRA withdrawals are a "depletion of assets" and should not be used in fixing alimony.
The court disagrees. The funds accumulated in the IRA accounts are deferred earnings, income thereon, and the appreciation of investments made with such deferred earnings. The withdrawals are income. Alimony is the reallocation of income. Therefore, the periodic alimony is not amended.
Finally, the court order regarding the COBRA premium, as set forth in Paragraph 6 of the orders is amended from $269.00 monthly to $103.85 monthly. The parties agree that this is the correct premium.
The plaintiff's motion is granted as to the COBRA premium.
Also, the defendant's attorney requested, and the plaintiff's attorney had no objection, that the allowance to defend awarded in Paragraph 13 of the orders, be amended to direct payment to the defendant's counsel. The request is granted and so ordered.
HARRIGAN, J. CT Page 2825